UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| DOUGLAS WAYNE BOWERS,  )<br> )<br>    Plaintiff,   )<br> )<br>v.   )<br> )<br>FELICIA McGEE,   )<br> )<br>    Defendant.   ) | No.   1:14-cv-0131<br>Senior Judge Haynes<br>Magistrate Judge Brown<br>Jury Demand |

To: The Honorable William J. Haynes, Jr., Senior United States District Judge

### REPORT AND RECOMMENDATION

Pending before the Court is the Defendant's Motion to Dismiss for Failure to State a Claim. (Docket Entry 35). The Magistrate Judge **RECOMMENDS** that (1) the Motion to Dismiss be granted; (2) the Plaintiff's § 1983 claims be dismissed with prejudice; and (3) the Plaintiff's state law claims be dismissed without prejudice should the Plaintiff seek to refile these claims in state court. Further, the Magistrate Judge **RECOMMENDS** that any appeal from such an order not be certified as taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

### I.    Statement of the Case

**A. Factual Background**

The Plaintiff was incarcerated at the Marshall County Jail from August 30, 2014, to November 27, 2014. (Docket Entry 1, p. 5) (Docket Entry 11). According to the Plaintiff, he was advised to bring any medication he needed to the Jail. (Docket Entry 1, p. 5). The Plaintiff stated that he brought (1) an inhaler, (2) Aspirin, (3) Amlodipine, (4) nasal spray, and (5) "nitro pills" to the Jail. (Docket Entry 1, p. 5-6). He stated that he was supposed to be on a healthy diet and

1

that he advised "the Nurse" of such. (Docket Entry 1, p. 5). Before going to the Jail, the Plaintiff already had a 70 percent artery blockage and Hepatitis C. (Docket Entry 1, p. 5-6).

In his Complaint, the Plaintiff alleges that he was not placed on a healthy diet at the Jail. (Docket Entry 1, p. 5). The Plaintiff states that "she" told the Plaintiff that he could not bring in open medicine. (Docket Entry 1, p. 5). That being so, the Plaintiff was given the remaining pills in his open Amlodipine container, and then "she" changed the prescription. (Docket Entry 1, p. 5). The Plaintiff states that he told the "nurse" that the new prescription gave him a headache, to which she did not reply. (Docket Entry 1, p. 6). The Plaintiff alleged that he had not had his inhaler from August 30, 2014, to September 17, 2014, and that it was hard to breathe and his chest hurt. (Docket Entry 1, p. 6). When the Plaintiff reported his chest pain to "them," their response was "OK." (Docket Entry 1, p. 6). The Plaintiff alleged that "they" know he has Hepatitis C and will not do anything about it. (Docket Entry 1, p. 6). The Plaintiff claims that "they" have not given him his nasal spray. (Docket Entry 1, p. 6). The Plaintiff last states that his humidifier was wrongfully taken from him by Officer Justin Christmas on the Defendant's orders. (Docket Entry 1, p. 8). According to the Plaintiff, without the humidifier he is 70 percent likely to choke himself to death if he lays on his back and 20 percent likely to choke himself to death if he lies on his side. (Docket Entry 1, p. 8).

  B. **Procedural History**

The Plaintiff filed a Complaint *pro se* under 42 U.S.C. § 1983 against Billy Lamb, a Marshall County Sheriff, and Felicia McGee, a nurse who provided services at the Marshall County Jail. (Docket Entry 1). Both were sued in their official capacities. (Docket Entry 1, p. 4). During the relevant time period, Defendant McGee was employed by Southern Health Partners, Inc. (SHP), not the State of Tennessee. (Docket Entry 33-1, p. 1 ¶ 2) (Docket Entry 33-2, p. 1 ¶

2). The Court permitted the Plaintiff to proceed *in forma pauperis* and dismissed the claims against Defendant Lamb for failure to state a claim upon which relief can be granted. (Docket Entry 3). After conducting a 28 U.S.C. § 1915 frivolity hearing, the Court concluded that the Plaintiff had stated a potential claim for denial of medical care by Defendant McGee. (Docket Entry 12).[1]

The Defendant subsequently filed a Motion to Dismiss for Failure to State a Claim. (Docket Entry 35). The Plaintiff originally responded to the Motion to Dismiss with an unsigned letter. (Docket Entry 42). After the Magistrate Judge advised the Plaintiff that the Plaintiff's submissions must be signed (Docket Entry 43), the Plaintiff filed a signed letter in response to the Defendant's Motion to Dismiss. (Docket Entry 50). The Defendant's Motion to Dismiss is properly before the Court.

## II. Standard of Review

A complaint will survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face."' *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Chambers v. HSBC Bank USA, N.A.*, 796 F.3d 560, 567 (6th Cir. 2015). The plaintiff must allege sufficient facts for "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). These facts must show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. 678. Although the court must take the plaintiff's factual allegations as true, the court is not required to accept the legal conclusions asserted by the plaintiff. *Id.*; *Johnson v. Moseley*, 790 F.3d 649, 652 (6th Cir. 2015).

---

[1] The Court did not make a similar finding as to the Plaintiff's claims of retaliation in violation of the First Amendment. (Docket Entry 12).

The court liberally construes documents filed *pro se* and holds *pro se* complaints to more lenient standards than complaints submitted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). That aside, there are limits to the court's leniency, as "*pro se* plaintiffs are not automatically entitled to take every case to trial." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (emphasis added); *see also Geboy v. Brigano*, 489 F.3d 752, 766 (6th Cir. 2007); *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

### III. Analysis

#### A. Section 1983 Claim Against the Defendant in an Official Capacity

To maintain a claim under § 1983, the Plaintiff must show that (1) an individual acting under the color of state law (2) deprived him "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. These claims may be brought against an individual in either an official capacity or in an individual capacity. *See*, *e.g.*, *Grinter v. Knight*, 532 F.3d 567, 570 (6th Cir. 2008).

When a claim is raised against an individual in an official capacity, it is generally treated as a claim against the "entity of which [the] officer is an agent." *Hocker v. Pikeville City Police Dep't*, 738 F.3d 150, 158 (6th Cir. 2013) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). The Sixth Circuit has found that "a private entity which contracts with the state to perform a traditional state function such as providing medical services to prison inmates may be sued under § 1983 as one acting 'under color of state law.'" *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993) (quoting *W. v. Atkins*, 487 U.S. 42, 53 (1988)); *see also Carl v. Muskegon Cnty.*, 763 F.3d 592, 596 (6th Cir. 2014); *Harrison v. Ash*, 539 F.3d 510, 521 (6th Cir. 2008); *McCormick v. Hall*, No. 3:12-CV-0096, 2012 WL 1132508, at *2 (M.D. Tenn. Apr. 3, 2012). Claims against private contractor "state actors" in an official capacity proceed in the same

manner as claims against governmental entities in an official capacity. *St. v. Corr. Corp. of Am.*, 102 F.3d 810, 817 (6th Cir. 1996). The entity is not liable for its employees' actions under the theory of *respondeat superior*. *Johnson v. Karnes*, 398 F.3d 868, 877 (6th Cir. 2005) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978)); *see also Corr. Corp. of Am.*, 102 F.3d at 818. Liability arises under § 1983 if the entity's "official policy or custom" caused the "alleged deprivation of federal rights." *Mason v. Doe No. 1*, No. 3:12CV-P794-H, 2013 WL 1152029, at *4 (W.D. Ky. Mar. 19, 2013) (citing *Corr. Corp. of Am.*, 102 F.3d at 817-18); *see also Karnes*, 398 F.3d at 877 ("Like a municipality, a government contractor cannot be held liable on a *respondeat superior* theory. . . . The difference, however, is that a private contractor is liable for a policy or custom *of that private contractor,* rather than a policy or custom of the municipality.").

Here, the Plaintiff named the Defendant in an official capacity. (Docket Entry 1, p. 4). At all times relevant for this lawsuit, the Defendant was employed by SHP, a private company, to provide nursing services for inmates at the Marshall County Jail. (Docket Entry 33-1, p. 1 ¶ 2) (Docket Entry 33-2, p. 1 ¶ 2). The Plaintiff's § 1983 claims against the Defendant in an official capacity, are, therefore, construed as claims against SHP. For purposes of this Report and Recommendation, it is assumed, but not decided, that SHP is a "state actor" due to its role in providing medical services to the Marshall County Jail inmates.

Even if SHP qualifies as a state actor, however, the Plaintiff's Complaint fails to allege any sort of official SHP "custom or policy" which resulted in his alleged injuries. To be sure, the Plaintiff identifies faults with the care he received from the Defendant, stating that he was not provided access to his medication, humidifier, and healthy diet food trays. (Docket Entry 1, p. 5-8). Instead of claiming that these actions were taken pursuant to an official SHP policy, the

Plaintiff alleges that the Defendant was "doing [a]nything to hurt [him]." (Docket Entry 1, p. 8). The Plaintiff's § 1983 claims against the Defendant in an official capacity must be dismissed for failure to state a claim.

**B. Section 1983 Claim Against the Defendant in an Individual Capacity**

In an abundance of caution, the Defendant also moved to dismiss any potential § 1983 claims against the Defendant in an individual capacity. (Docket Entry 36, p. 10-13). The Complaint filed by the Plaintiff allowed the Plaintiff to specify whether he was naming each Defendant in an official capacity or an individual capacity. (Docket Entry 1, p. 4). With respect to Defendant McGee, the Plaintiff indicated that he was naming the Defendant in an official capacity, not in an individual capacity. (Docket Entry 1, p. 4).

Since the Plaintiff did not assert any claims against the Defendant in an individual capacity, the merits of the Defendant's motion need not be addressed. This case is factually distinct from *Walz v. Tennessee Dep't of Corr.*, No. 1:11-CV-103, 2012 WL 252803, at *1 (M.D. Tenn. Jan. 25, 2012) where the Court presumed that the plaintiff intended to name the defendants in both official and individual capacities when the plaintiff did not use the Court's § 1983 check box form and did "not indicate whether the state-employee defendants [were] sued in their individual or official capacities." Here, the Plaintiff used the Court's check box form and deliberately chose to assert his claims against the Defendant in an official capacity. The Court liberally construes *pro se* complaints, but the Court will not "abrogate basic pleading essentials in *pro se* suits." *Kamppi v. Ghee*, 208 F.3d 213 (6th Cir. 2000) (unpublished decision) (emphasis added). The Plaintiff has not asserted a § 1983 claim against the Defendant in an individual capacity.

**C. State Law Claims Against the Defendant**

Insofar as the Plaintiff may seek to assert state law claims based on the Defendant's alleged conduct, this Court is without subject matter jurisdiction to hear those claims. Upon finding that the § 1983 claim against the Defendant was not properly pled and should be dismissed, the Court does not have federal question subject matter jurisdiction under 28 U.S.C. § 1331. Nor does diversity jurisdiction under 28 U.S.C. § 1332 apply to the facts pled. The Plaintiff has not shown that the parties are diverse or that the amount in controversy is satisfied. *See* 28 U.S.C. § 1332(a). Liberally construing the Complaint, it appears that the Plaintiff requested the following damages: (1) $650.00; (2) that the Defendant be terminated from her job; and (3) new trays and cups. (Docket Entry 1, p. 5). As a result, supplemental jurisdiction under 28 U.S.C. § 1367 is unavailable for potential state law claims arising from the Defendant's alleged conduct.

### IV. Recommendation

For the reasons explained above, the Magistrate Judge **RECOMMENDS** that (1) the Motion to Dismiss (Docket Entry 35) be granted; (2) the Plaintiff's § 1983 claims be dismissed with prejudice; and (3) the Plaintiff's state law claims be dismissed without prejudice should the Plaintiff seek to refile these claims in state court. Further, the Magistrate Judge **RECOMMENDS** that any appeal from such an order not be certified as taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

Pursuant to the Federal Rule of Civil Procedure 72(b), the parties have fourteen (14) days, after being served with a copy of this Report and Recommendation to serve and file written objections to the findings and recommendation proposed herein. A party shall respond to the objecting party's objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof. Failure to file specific objections within fourteen (14) days of

receipt of this Report and Recommendation may constitute a waiver of further appeal. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 *reh'g denied*, 474 U.S 1111 (1986); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

**ENTERED** this 29th day of October, 2015

s/ Joe B. Brown  
Joe B. Brown  
U.S. Magistrate Judge